## LEWIS ENGELS *vs.* ANDREW MITCHELL.

### January 3, 1883.

**Landlord and Tenant—Unlawful Detainer—Requisites of Complaint.—** A complaint in an action under Gen. St. 1878, *c.* 84, § 11, need not state that plaintiff is the owner, or that he is entitled to the possession, of the demised premises, if it show a leasing by him to defendant, and an entry and possession by the latter under such leasing.

**Same—Tenancy at Will changed to Tenancy for Fixed Term—Notice to Quit.—** In such case, where the tenancy was at first one at will, an allegation in the complaint that, on a day named, the parties agreed that, on a future day named, the defendant should leave and vacate the premises and surrender the same, and the plaintiff should discharge him from all further obligations under the lease, and accept the surrender, shows that the tenancy was changed to one for a fixed term, and no notice to quit is necessary.

**Same—Consideration for Agreement.—** Where, in a case of a tenancy at will, no notice to quit having been given, the landlord and tenant agree that the latter shall leave the premises on a day named, within the time in which the tenancy might be terminated by notice, it is a valid agreement changing the tenancy to one for a fixed term, and the giving up by each of his right to hold the other to the tenancy beyond the day named, is a sufficient consideration to sustain it.

Appeal by defendant from a judgment of the municipal court of St. Paul, in an action for unlawful detainer. The case is stated in the opinion.

*Walsh & Goforth* and *J. B. Beals,* for appellant.

The complaint failed to state a cause of action. *Bush* v. *Dunham,* 4 Mich. 339; *Bryan* v. *Smith,* 10 Mich. 229; *Allen* v. *Carpenter,* 15 Mich. 25; *McGuffie* v. *Carter,* 42 Mich. 497; *Armstrong* v. *Hinds,* 8 Minn. 221, (254;) *Chandler* v. *Kent,* 8 Minn. 479, (536.) This action only lies upon a termination of a tenancy at will by notice to quit. *Raynor* v. *Haggard,* 18 Mich. 72; *Wheeler* v. *Wood,* 25 Me. 287.

*O'Brien, Eller & O'Brien,* for respondent.

GILFILLAN, C. J.* This is an appeal from a judgment for restitution of demised premises, rendered by the municipal court of St. Paul, in an action under Gen. St. 1878, *c.* 84, § 11. On the return-day of the summons, the defendant appeared specially, and moved to dismiss the action, on the ground that the complaint did not set forth facts sufficient to constitute a cause of action. The motion was denied, and renewed and again denied when the cause came on for trial. The same objection to the complaint is made here, and the further objection is made that the evidence did not sustain the cause of action attempted to be alleged.

The complaint states a tenancy at will, the rent payable monthly, in advance, on the fifteenth of each month; that defendant entered under said leasing, April 15, 1882, and still remains in possession, and refuses to surrender the premises; that June 2, 1882, the parties agreed together that defendant should leave and vacate the premises, and surrender the same, on or before June 15, 1882, and the plaintiff should discharge him from all further obligations under the lease, and accept the surrender. The action was commenced after June 15th. The specific objections to the complaint are that it does not show plaintiff to be entitled to the possession, assuming defendant's right to have ceased, and that it does not show any notice to quit, which the statute makes a prerequisite to proceeding under the section referred to, in cases of tenancies at will.

Appellant argues that the complaint should allege that plaintiff is entitled to the possession, or that he is the owner. The allegation that plaintiff is entitled to the possession is a proper one to make in the complaint in actions of this character. But it is not necessary that the right to possession should be expressly alleged, if the facts stated show the right to be in plaintiff. The facts alleged in this complaint show this conclusively as between the parties, unless the defendant can avoid the estoppel to deny plaintiff's right created by the leasing, and the entry under it. If facts exist which remove the estoppel, it is for the defendant to show them, and not for plaintiff, in the first instance, to negative their existence. As between land-

*Mitchell, J., because of illness, took no part in this case.

lord and tenant, the former is *prima facie* entitled to possession at the termination of the lease; and if facts exist which justify the tenant in refusing to surrender to him, the tenant must allege and prove such facts. The complaint shows plaintiff to be the proper person to bring the action.

In respect to notice to quit, the appellant misapprehended the character of the tenancy existing, according to the complaint, from the second to the fifteenth day of June. Prior to the first of these dates, it was a tenancy at will. But it was competent for the parties, by agreement upon adequate consideration, to change it to a tenancy for a fixed term,—for a term for six months or six days. The agreement set forth in the complaint changed the tenancy at will to one for a term ending June 15th. When that day arrived, the term for which the premises were let expired, without any notice, and, for the purpose of these proceedings, no notice was necessary.

The evidence on the part of the plaintiff to sustain the allegation of a change in the tenancy was his own testimony, as follows: "On the 2d of June, 1882, I went down to the saloon where the defendant works and told him that I had heard complaints against him, and that he could not remain in the house; that he must leave on the 15th of June, 1882. He said he would leave on the 15th of June, 1882. That was at the end of the pending month."

This was an agreement, in effect, that the tenancy should terminate on the day named, and, if valid, it changed the tenancy from one at will to one for a fixed term, to end on that day. The only objection made to its validity is want of consideration to sustain it. At the time it was made, neither party could, without the consent of the other, terminate the tenancy before July 15th; could terminate it at that time only by giving notice as required by statute. By the agreement each party yielded or gave up the right to hold the other for any time beyond the 15th of June, and this reciprocal surrender of rights constituted a consideration on each side for the agreement. As the verdict in favor of plaintiff could be arrived at only upon a finding that the parties agreed as testified to by plaintiff, it must be presumed that the jury accepted plaintiff's testimony and found accordingly; and, in finding such to be the agreement, they necessarily found a consid-

eration, for the terms of the agreement furnish one; and the refusal of the court to give to the jury the instruction requested by defendant in regard to the necessity for a consideration, even had it been proper to give it without qualification, so as to avoid misunderstanding by the jury, did no harm and must be disregarded.

Judgment affirmed.

---

*Mitchell, J., because of illness, took no part in this case.